IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br>Plaintiff,<br><br>vs.<br><br>BEVERLY K. WELLS,<br>Defendant. | **Civil Action No. -cv-** |

# COMPLAINT

Plaintiff, Old Republic National Title Insurance Company, by and through undersigned counsel, complaining of the Defendant, alleges and says as follows:

1. Plaintiff, Old Republic National Title Insurance Company ("ORT") is a corporation organized and existing under the laws of Florida with its principal place of business in Tampa, Florida.

2. Defendant, Beverly K. Wells ("Beverly Wells"), is an adult, over the age of 18, is a citizen and resident of North Carolina who resides in Manteo, North Carolina.

3. The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1332 in that the amount in controversy as alleged below exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District and the events giving rise to the allegations in this complaint occurred in this District.

General Allegations

5. On or about August 1, 2013, by deed recorded in Book 1937 at Page 117 of the Dare County, North Carolina Public Registry, Michael Wells ("Wells") acquired title to certain real property commonly known as 37 Sailfish Drive, Manteo, North Carolina and more particularly described in the deed (the "Property"). A copy of the referenced deed is attached hereto as **Exhibit 1**.

6. Upon information and belief, Wells married defendant Beverly Wells in 2016.

7. Upon information and belief, in or about October of 2016 Wells and Beverly Wells sought to obtain a construction loan from Branch Banking & Trust Company, in order to construct a house on the Property.

8. Attorney W. Jay Wheless, ("Wheless") of the law firm Wheless & Wheless, PLLC, was retained by Wells to represent him in conjunction with the closing of this loan.

9. At the time Wheless was retained to represent Wells, Wells continued to hold sole title to the Property.

10. In connection with the closing of the referenced construction loan, Wheless submitted a preliminary title opinion (the "PTO") and title insurance application (the "Application:") to The Title Company of North Carolina seeking issuance of an owners' title

insurance policy. Copies of the preliminary title insurance opinion and title insurance application are attached hereto as **Exhibits 2 and 3**.

11. The PTO and Application erroneously reflected both Wells and Beverly Wells as owners of the Property when Wells was the sole owner of the Property.

12. Included with the submission of the PTO and Application was a copy of the vesting deed for the Property, reflecting that Wells held sole title to same.

13. An employee of The Title Insurance Company of North Carolina reviewed the PTO, Application and documents submitted with same, recognized the error in the PTO, communicated with the Wheless Law office via e-mail regarding same, confirmed that title was vested solely in Wells, and inquired as to whether a deed into both Wells and Beverly Wells would be prepared in connection with the closing. The Wheless Law office confirmed that no such deed had been prepared and that title should be shown in Wells name only. Copies of the referenced email exchange are attached hereto as **Exhibit 4.**

14. Following this, on October 27, 2016, The Title Company of North Carolina, as the agent for ORT, issued a Commitment for Title Insurance (the "Commitment") reflecting, correctly, that title to the Property was vested solely in Wells and whereby it committed, if certain requirements of the Commitment were met, to issue an Owner's policy of title insurance to Wells, only. A copy of the Commitment is attached hereto as **Exhibit 5**.

15. The closing for the construction loan transaction took place on or about November 18, 2016. In conjunction with same, a deed of trust from Wells and wife, Beverly Wells, and for the benefit of BB&T was recorded in Book 2133 at Page 486. Wheless was not

instructed by Wells or Beverly Wells to prepare a deed from Wells to himself and Beverly Wells (or any other type of deed) which would have vested title to the Property in Beverly Wells. No such deed was prepared, signed or recorded. At the time of the closing title to the Property remained vested solely in Wells.

16. Following the closing, Wheless submitted a Final Title Opinion to The Title Company of North Carolina. The Final Title Opinion correctly reflected that Wells was the sole owner of the Property. The Final Title Opinion also reflected that all of the requirements of the Commitment had been met. A copy of the Final Title Opinion is attached hereto as **Exhibit 6**.

17. In reliance on the Final Title Opinion, The Title Company of North Carolina, as the agent for ORT, issued Owner's Policy of Title Insurance Number OX604953, in the amount of $293,0235, with an effective date of November 18, 2016 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit 7**.

18. An owner's policy of title insurance is available to the party who holds title to the property which is the subject of the policy – i.e. to the owner of the property.

19. At the time the Policy was issued, Wells, only, held title to the Property, the Commitment pursuant to which the Policy was issued, was only for the issuance of an owner's policy to Wells, there had been no conveyance of any interest in the Property to Beverly Wells, nor had there been any instruction given to the Wheless by Wells or Beverly Wells to facilitate such a conveyance, and the Final Title Opinion, submitted to obtain the issuance of an owner's policy, correctly reflected that Wells was the sole owner of the Property.

20. As a result of a mutual mistake of the parties or a scrivener's error, the Policy, mistakenly and incorrectly stated that title to the Property was vested in "Michael Wells and wife, Beverly Kay Wells" and mistakenly identified the name of the inured as "Michael Wells and wife, Beverly Kay Wells", when the Policy should have stated that title to the Property was vested in "Michael Wells", only, and that the name of the insured was "Michael Wells", only.

21. On the same day as the closing (November 18, 2016), Wells executed a Will which specifically identified and devised the Property to Beverly Wells. A copy of the Will is attached hereto as **Exhibit 8**.

22. If there had been an intent for Beverly Wells to be conveyed the Property/hold title to the Property at the time of the closing, there would have been no need for Wells to devise the Property to Beverly Wells (which meant she would acquire title in the event of his death) as she would have already held title to the Property.

23. Wells died on November 25, 2018 and the Will was probated in Dare County Estate File 19-E-385.

24. On or about June 11, 2020, counsel for Beverly Wells wrote to ORT, referencing the Policy in the re line, stating that various claims had been made against the estate of Wells and that the Administrator of the Estate has "indicated he will put the Property into the Estate, since the Deed shows the Property as Michael Wells asset only" and that the Administrator was demanding that Beverly Wells pay for some of these claims (including an $82,204 claim). The letter asserts that in essence, there should have been a vesting deed for the Property vesting title in Wells and Beverly Wells as Tenants by the Entirety, and if that were the case, the Property would not be available as an asset to pay debts of the Estate of Wells. Per the letter, Wells

requested that ORT "acknowledge coverage and provide defense to Mrs. Wells, or otherwise resolve this dispute. We also request that you take necessary actions to correct title to the Property on the public record..." (the "Claim Letter" and the "Claim"). A copy of the Claim Letter is attached hereto as **Exhibit 9.**

25. On June 19, 2020 ORT responded to the Claim Letter acknowledging receipt of same. Further, following receipt of same, ORT commenced an investigation of the claim and in doing so determined that, as set forth above, as a result of a scrivener's error or a mutual mistake of the parties, the Policy mistakenly and incorrectly stated that title to the Property was vested in "Michael Wells and wife, Beverly Kay Wells" and that the Policy mistakenly and incorrectly identified the name of the insured as "Michael Wells and wife, Beverly Kay Wells", when title was vested solely in Michael Wells and the name of the insured should have been "Michael Wells", only.

**First Claim for Relief**
**(Reformation of the Policy)**

26. The allegations of paragraphs 1 through 25 are incorporated herein by reference, as if fully set forth herein.

27. The Policy's incorrect identification of the party in whom title was vested and the Policy's incorrect identification of the name of the insured was the result of a mutual mistake of the parties and/or a mistake of the draftsman.

28. The Policy, as drafted, does not embody the parties' original agreement.

29. The Policy, as drafted, does not express the true intentions of the parties due to mutual mistake and/or the mistake of the draftsman.

30. The Policy should have reflected that title was vested in Wells, only, and that Wells was the sole named insured.

31. ORT is entitled to have the Policy reformed to correctly state that (as of the date of the Policy): "Title is vested in: Michael Wells" and to correct the name of the insured as follows: "Name of Insured: Michael Wells" and to have such reformation relate back to the date of the issuance of the Policy.

**Second Claim for Relief**
**(Declaratory Judgment, 28 USC § 2201)**

32. The allegations of paragraphs 1 through 31 are incorporated herein by reference as if fully set forth herein.

33. Beverly Wells was not an intended insured under the Policy and for the reasons set forth above is not an insured under the Policy.

34. As such, ORT has no duty to defend or indemnify Beverly Wells with respect to the Claim.

35. An actual or justiciable controversy has arisen between ORT and Beverly Wells with respect to coverage, rights and duties under the Policy and applicable law concerning the Claim.

36. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights, duties and obligations under the Policy with respect to the Claim.

37. ORT is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, that, Beverly Wells is not an insured under the Policy, there is no coverage for the Claim and that ORT has no duty to indemnify or defend Beverly Wells with respect to the Claim.

WHEREFORE, Defendant Old Republic National Title Insurance Company prays the Court as follows:

1) That the Policy be reformed as set forth above;

2) That a declaratory judgment be entered declaring that Beverly Wells is not an insured under the Policy, as such the Policy does not provide coverage for the Claim, and that ORT has no duty to indemnify or defend Beverly Wells with respect to the Claim;

3) That the costs of this action, including reasonable attorneys' fees as allowed by law, be taxed against Beverly Wells; and

4) For such other and further relief as the Court deems just and proper.

This the 28th day of August, 2020.

OFFIT KURMAN, P.A.

By: /s/Zipporah Basile Edwards
Zipporah Basile Edwards/State Bar No. 20838
*Attorneys for Old Republic National Title Insurance Company*
2600 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6006
Telephone: (704) 377-2500
Facsimile: (704) 372-2619
Email: zip.edwards@offitkurman.com