# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,
                      Plaintiff,

vs.

BEVERLY K. WELLS,
                      Defendant.

**Civil Action No. 2:20-cv-62-FL**
**CONSENT JUDGMENT**

Pursuant to the Motion for Entry of Consent Judgment filed herein, the parties to this action have agreed to resolve the claims asserted in the complaint and counterclaims as set forth below. Therefore, with the consent of the parties, the Court hereby makes the following findings of fact, conclusions of law and orders and decrees as follows:

## FINDINGS OF FACT

### Procedural Status

1. Plaintiff, Old Republic National Title Insurance Company ("ORT") instituted the instant action with the filing of the complaint on August 28, 2020, seeking reformation of a title insurance policy and entry of a declaratory judgment.

2. Defendant, Beverly K. Wells ("Beverly Wells" or Defendant), filed a timely answer opposing the relief sought and asserting counterclaims.

3. Plaintiff filed a timely reply to Defendant's counterclaims.

## The Title Insurance Policy at Issue

4. On or about August 1, 2013, by deed recorded in Book 1937 at Page 117 of the Dare County, North Carolina Public Registry, Michael Wells acquired title to certain real property commonly known as 37 Sailfish Drive, Manteo, North Carolina and more particularly described in the deed (the "Property").

5. Michael Wells married defendant Beverly Wells in 2016.

6. In or about October of 2016 Michael Wells and Beverly Wells sought to obtain a construction loan from Branch Banking & Trust Company, in order to construct a house on the Property.

7. Attorney W. Jay Wheless, ("Wheless") of the law firm Wheless & Wheless, PLLC, was retained by Michael Wells to represent him in conjunction with the closing of this loan.

8. At the time Wheless was retained to represent Michael Wells, Michael Wells continued to hold sole title to the Property.

9. On October 27, 2016, The Title Company of North Carolina, as the agent for ORT, issued a Commitment for Title Insurance (the "Commitment") reflecting, correctly, that title to the Property was vested solely in Wells and whereby it committed, if certain requirements of the Commitment were met, to issue an Owner's policy of title insurance to Wells, only.

10. The closing for the construction loan transaction took place on or about November 18, 2016.

11. Following the closing, Wheless submitted a Final Title Opinion to The Title Company of North Carolina. The Final Title Opinion correctly reflected that Wells was the sole owner of the Property.

12. In reliance on the Final Title Opinion, The Title Company of North Carolina, as the agent for ORT, issued Owner's Policy of Title Insurance Number OX604953, in the amount of $293,0235, with an effective date of November 18, 2016 (the "Policy").

13. At the time the Policy was issued, Wells, only, held title to the Property, the Commitment pursuant to which the Policy was issued, was only for the issuance of an owner's policy to Wells, there had been no conveyance of any interest in the Property to Beverly Wells, and the Final Title Opinion, submitted to obtain the issuance of an owner's policy, correctly reflected that Wells was the sole owner of the Property.

14. As a result of a mutual mistake of the parties or a scrivener's error the Policy mistakenly and incorrectly stated that title to the Property was vested in "Michael Wells and wife, Beverly Kay Wells" and mistakenly identified the name of the insured as "Michael Wells and wife, Beverly Kay Wells", when the Policy should have stated that title to the Property was vested in "Michael Wells", only, and that the name of the insured was "Michael Wells", only.

15. Michael Wells died, testate, on November 25, 2018 and his Will was probated in Dare County Estate File 19-E-385.

16. On or about June 11, 2020, Beverly Wells made a claim under the Policy (Claim Number 340999) (the "Claim").

17. A dispute arose between the parties regarding whether Defendant was an insured under the Policy and whether there was coverage for the Claim, and as a result this action was commenced.

18. The Parties have reached an agreement to resolve the outstanding issues with respect to the claims and counterclaims asserted in this action.

WHEREBY, with the consent of the parties, it is hereby ORDERED, ADJUDGED, DECREED and DECLARED as follows

1. The Policy is reformed to state that (as of the date of the Policy): "Title to the Property is vested in: Michael Wells" and to correct the name of the insured as follows: "Name of Insured: Michael Wells" and such reformation relates back to the date of the issuance of the Policy;

2. The Court declares that Defendant Beverly Wells is not an insured under the Policy, as such the Policy does not provide coverage for the Claim, and ORT has no duty to indemnify or defend Beverly Wells with respect to the Claim;

3. Beverly Wells' Counterclaims are dismissed with prejudice;

4. The parties shall bear their own costs, including attorney fees.

SO ORDERED, this the 29th day of June, 2021.

                                                Louise W. Flanagan
                                                United States District Court Judge

CONSENTED TO:

CARRUTHERS & ROTH, P.A.

By: /s/ Rachel S. Decker
Rachel S. Decker/N.C. State Bar No. 22020
*Attorneys for Defendant*
235 N. Edgeworth St. (27401)
Post Office Box 540
Greensboro, North Carolina 27402-0540
Telephone: 336-379-8651
Email: rsd@crlaw.com

OFFIT KURMAN, P.A.

By:/s/ Zipporah B. Edwards
Zipporah B. Edwards/ N.C. State Bar No. 20838
*Attorneys for Plaintiff*
2600 One Wells Fargo Center
301 South College St.
Charlotte, NC  28202
Telephone: 704- 377-2500
Email: zip.edwards@offitkurman.com

4850-1320-3945, v. 1